[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15359
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cr-10020-KMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN GONZALEZ CASTANEDA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 16, 2017)

Before MARCUS, ROSENBAUM, and FAY, Circuit Judges.

PER CURIAM:

Juan Castaneda, proceeding *pro se*, appeals the district court's denial of his motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the Sentencing Guidelines. The question whether Castaneda is eligible for a sentence reduction under § 3582(c)(2) depends on the district court's basis for applying a two-level reduction to Castaneda's offense level at his original sentencing.

If the basis for the reduction was a downward variance, as the government asserts on appeal, Castaneda is not eligible for a sentence reduction because variances are not considered when determining a defendant's eligibility for § 3582(c)(2) relief. But if, as hinted at by the sentencing transcript, the court applied a two-level reduction under U.S.S.G. § 2D1.1(b)(16) (2011), Castaneda is eligible for § 3582(c)(2) relief because that reduction must be applied when calculating his amended guideline range under U.S.S.G. § 1B1.10, and including that reduction has the effect, in conjunction with Amendment 782, of lowering his applicable guideline range.

Because the record is unclear as to the basis for the two-level reduction, and the district court did not address the issue in denying Castaneda's § 3582(c)(2) motion, we remand this case to the district court to resolve that question and, if appropriate, reduce Castaneda's sentence.

**I.**

In January 2012, Castaneda pled guilty to conspiracy to possess five kilograms or more of cocaine with intent to distribute while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503 and 70506. Along with the plea agreement, he executed a factual proffer stating that the amount of cocaine involved was 401 kilograms and that he was the captain of the vessel.

Castaneda's plea hearing and sentencing were conducted as part of a single proceeding. In other words, the district court sentenced Castaneda immediately after accepting his guilty plea. The parties waived the preparation of a complete presentence investigation report ("PSR"), and the court arranged prior to the change-of-plea and sentencing proceeding to have an "abbreviated" PSR prepared.

Using the 2011 Guidelines Manual, Castaneda's PSR calculated a guideline range of 210 to 262 months of imprisonment based on a total offense level of 37 and a criminal history category of I. Castaneda started with a base offense level of 38 because the offense involved over 150 kilograms of cocaine. U.S.S.G. § 2D1.1(a)(5) & (c)(1) (2011). Two levels were added because he was the captain of a drug-trafficking vessel, *see id.* §2D1.1(b)(3)(C), and three levels were deducted for acceptance of responsibility, *see id.* § 3E1.1(a), (b).

Although the PSR calculated a total offense level of 37, the district court sentenced Castaneda using a total offense level of 35 and a corresponding

guideline range of 168 to 210 months of imprisonment.  For reasons explained below, Castaneda's current eligibility for a § 3582(c)(2) sentence reduction depends on the basis for that two-level reduction, but the record is obscure on the matter.  The closest the transcript of sentencing comes to providing an answer is the following exchange among the court, the probation officer, and counsel for both parties:

> The Court:  Okay.  Now, in the case of Mr. Cast[a]neda the probation officer calculated the offense level of thirty-five from this category one the guideline Federal range of 210 months.  Is that correct?
>
> Castaneda's Counsel:  Yes, your Honor.
>
> Government:  Yes, your honor.
>
> . . . .
>
> Probation Officer:  Your honor, I don't want to interrupt, but we calculated an offense level at thirty-seven.
>
> The Court:  In the case of?
>
> Probation Officer:  Mr. Cast[a]neda.
>
> The Court:  Okay.  Well, I thought that had been corrected.  That is why I mentioned thirty-five.
>
> Government:  The parties have agreed that 521.2 [sic] is applicable there, therefore, 2D1.1 gives him an additional --
>
> Probation Officer:  I was not aware of that, your honor.
>
> The Court:  All right. Okay. So, we're all in agreement on that. . . .

4

After the district court confirmed that the parties and the court "agree[d] on a guideline calculation," Castaneda's counsel requested a "sentence at the low end of the guidelines which is 168 months."  The court sentenced Castaneda to 168 months of imprisonment.

The discussion excerpted above is far from clear.  But it does hint at the basis for the court's decision to sentence Castaneda at level 35 instead of level 37. Notably, when the probation officer raised the issue that the PSR calculated a total offense level of 37, the government offered the following as an apparent explanation for the two-level reduction:  "The parties have agreed that 521.2 [sic] is applicable there, therefore, 2D1.1 gives him an additional --"  There is no § 521.2 in the Guidelines Manual, of course, but there is a § 5C1.2, and, significantly, that section works together with § 2D1.1 to allow for a two-level reduction.  Specifically, § 2D1.1(b)(16) (2011)[1] provides for a two-level reduction if a defendant meets the five "safety valve" criteria set forth in § 5C1.2.  So, the government's explanation at sentencing, with some limited additions and alterations, could reasonably be interpreted as follows:  "The parties have agreed that § 5C1.2 is applicable here; therefore, § 2D1.1(b)(16) gives him an additional reduction of two levels."

---

[1] This same provision is at § 2D1.1(b)(17) in the 2016 Guidelines Manual.  All references to "2D1.1(b)(16)" are to the 2011 Guidelines Manual, which is the version of the manual in effect at the time of Castaneda's sentencing.

5

Castaneda's PSR was never amended to reflect the apparent change to his offense level and guideline range, however, nor was the basis of the two-level reduction otherwise memorialized in the record. So when Castaneda filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines, which reduced by two levels the base offense levels for most drug-trafficking crimes, the government responded that it was unable to determine the basis for the court's decision to sentence Castaneda at level 35 instead of level 37.[2] And because it could not determine the basis for that decision, the government did not incorporate the two-level reduction when calculating Castaneda's amended guideline range under Amendment 782.

Using the guideline calculations reflected in the PSR, the government reasoned that Amendment 782 would not have the effect of reducing Castaneda's guideline range: "If Amendment 782 is applied, the defendant would begin at level 36 instead of 38 under 2D1.1, plus two for being the vessel's captain (38), minus 3 for timely acceptance, for a total offense level of 35 – which is where he is now." With no change to his guideline range, the government said it could not "see how the court ha[d] jurisdiction" to reduce Castaneda's sentence, even though it acknowledged that the range produced by an additional two-level reduction (135 to 168 months) was "a reasonable sentencing range" for Castaneda.

---

[2] The attorney who prepared the government's response stated that he was not involved in Castaneda's sentencing, so he had no first-hand knowledge of the basis for the reduction.

6

The district court denied Castaneda's § 3582(c)(2) motion. The court's order, like the government's response, relies on the PSR's guideline calculations and does not address or incorporate the largely unexplained two-level reduction:

> According to his PSI Report, the defendant's initial guideline range was based on drug quantity, producing a base offense level of 38. After adding two levels for being the vessel's captain, and subtracting three for timely acceptance of responsibility, Castaneda was left with a total offense level of 37, with a sentencing range of 210 to 262 months. If Amendment 782 is applied, Castaneda would begin at level 36, plus two for being the vessel's captain, minus three for timely acceptance, for a total offense level of 35. An additional reduction of two levels, to 33, would give Castaneda a sentencing range of 135 to 168 months. Such a range, however, is below the now-amended range. This Court therefore lacks jurisdiction to reduce Castaneda's sentence. Accordingly, the Motion to Reduce Sentence (ECF No. 202) is denied.

Castaneda now appeals the denial of his § 3582(c)(2) motion.

## II.

We review *de novo* a district court's legal conclusions as to the scope of its authority under 18 U.S.C. § 3582(c)(2). *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009).

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has since been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Section § 3582(c)(2) "gives the defendant an opportunity to receive the same sentence he would have received if the guidelines that applied at the time of his sentencing had been the

same as the guidelines that applied after the amendment." *United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012). Any reduction, however, must be consistent with the Sentencing Commission's policy statements. 18 U.S.C. § 3582(c)(2).

In considering a § 3582(c)(2) motion, a district court must engage in a two-part analysis. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000); *see also Dillon v. United States*, 560 U.S. 817, 826–27 (2010). At the first step, the court determines whether a defendant is eligible for a sentence reduction. Then, "[i]f a prisoner is eligible, the district court engages in the second step: it exercises its discretion to decide whether, in consideration of the § 3553(a) factors, to reduce the sentence and, if so, by how much within the authorized range." *United States v. Gonzalez-Murillo*, 852 F.3d 1329, 1335 (11th Cir. 2017). This appeal concerns the first step only.

To be eligible for a sentence reduction, the defendant must show that a retroactive amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(1)–(2). To make that determination, the court must calculate the guideline range that would have applied if the amendment had been in effect at the time of sentencing. U.S.S.C. § 1B.10(b)(1). The court must substitute only the amended guideline for the one originally used, leaving "all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1); *see United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998).

8

The commentary to § 1B1.10, by which we are bound, provides further guidance on calculating a defendant's "applicable guideline range." *Gonzalez-Murillo*, 852 F.3d at 1336. It explains that the term "applicable guideline range" means "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A). Based on this definition, we have stated that courts must apply "all eight steps of U.S.S.G. § 1B1.1(a) in order to determine the amended guideline range under § 1B1.10(a)(1)." *Gonzalez-Murillo*, 852 F.3d at 1336. Departures or variances are excluded from the calculation of the amended guideline range. *See id.*

Here, there is no dispute that Amendment 782 is a retroactive amendment which, based on a drug quantity of 401 kilograms of cocaine, reduced Castaneda's base offense level from 38 to 36. *Compare* U.S.S.G. § 2D1.1(c)(1) (2011), *with* U.S.S.G. § 2D1.1(c)(2) (2016). And to calculate his amended guideline range, the district court, as it did below, must continue to apply the two-level "captain" enhancement, U.S.S.G. § 2D1.1(b)(3)(C), and the three-level reduction for acceptance of responsibility, *id.* § 3E1.1. *See* U.S.S.G. § 1B1.10(b)(1).

What is less clear is whether the district court must continue to apply the unexplained two-level reduction that was applied at Castaneda's original

9

sentencing—reducing his total offense level from 37 to 35—when determining the amended guideline range under Amendment 782. While the court must do so if the reduction, which was not reflected in the PSR, was applied in determining "the offense level . . . pursuant to § 1B1.1(a)," the reduction would properly have been excluded from the calculation of the amended guideline range if, as the government asserts, the district court applied a discretionary "two-level downward variance" not based on any provision in the Sentencing Guidelines. *See Gonzalez-Murillo*, 852 F.3d at 1336; U.S.S.G. § 1B1.10 cmt. n.1(A).

If the government is correct that the two-level reduction was a variance from the guideline range calculated in the PSR, Castaneda would not be eligible for a sentence reduction because the applicable guideline range "is determined before consideration of . . . any variance." U.S.S.G. § 1B1.10 cmt. n.1(A). Before the variance, Castaneda's original total offense level would have been 37, with a corresponding guideline range of 210 to 262 months. Amendment 782 would have the effect of lowering his total offense level to 35, reducing his guideline range to 168 to 210 months. Because that is the same range used at his original sentencing hearing, a sentence reduction would not be authorized because Amendment 782, despite lowering his base offense level, "would not alter the sentencing range upon which his . . . sentence was based." *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008).

But if instead of a variance the court applied a two-level reduction based on a provision in § 2D1.1, Castaneda would be eligible for a sentence reduction.  As noted above, the sentencing transcript indicates that the parties and the court agreed on the application of a two-level reduction, which was not reflected in the PSR, based on both "521.2" and "2D1.1."  We think the most likely possibility is that the parties and the court agreed that Castaneda's offense level should be reduced by two levels under § 2D1.1(b)(16) because he met the five criteria under § 5C1.2.  As a "specific offense characteristic," § 2D1.1(b)(16) affects the offense level and guideline range "determined pursuant to § 1B1.1(a)."  *See* U.S.S.G. § 1B1.1(a)(2).  Therefore, if the court applied § 2D1.1(b)(16) at Castaneda's original sentencing, it must continue to apply that section when resolving his § 3582(c)(2) motion.

Whether § 2D1.1(b)(16) (2011) was in fact applied at Castaneda's original sentencing is not for us to decide, however.  The district court did not resolve this issue in its order denying Castaneda's § 3582(c)(2) motion, and the record is not so clear that we can determine with certainty the basis for the two-level reduction.  Accordingly, we remand to the district court to make a factual finding as to the basis for the two-level reduction.  *See Gonzalez-Murillo*, 852 F.3d at 1339–40 (remanding for a factual finding necessary to determine a defendant eligibility for § 3582(c)(2) relief); *United States v. Hamilton*, 715 F.3d 328, 340–41 (11th Cir.

2013) (same).  Should the court determine that the reduction was a two-level downward variance, as the government asserts on appeal, Castaneda is not eligible for a sentence reduction.  Alternatively, should the court determine that the two-level reduction was under § 2D1.1(b)(16), or another provision in § 2D1.1, Castaneda is eligible for a sentence reduction, and the court should proceed to the second step and exercise its discretion to grant or deny relief based on the amended guideline range, the § 3553(a) factors, and all applicable policy statements from the Sentencing Commission.

**VACATED AND REMANDED.**